UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES M. MACHOT, Plaintiff,

v. Civil Action No. 3:18-cv-178-DJH

UNITED STATES, Defendant.

* * * * *

### MEMORANDUM OPINION AND ORDER

Plaintiff James M. Machot filed the instant *pro se* action. He also filed an application to proceed without the prepayment of fees (DN 4), which is **GRANTED**. For the foregoing reasons, the action will be dismissed for failure to meet the pleading standard under Fed. R. Civ. P. 8 and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### I.

Plaintiff filed his complaint on the Court-approved complaint form for filing a civil case. He lists Defendants as the United States and "LBGTQ Group." Where the complaint form asks the filer to state the basis for this Court's jurisdiction, Plaintiff checks the boxes for both federal question and for diversity of citizenship jurisdiction. Where the form asks for the basis for federal question jurisdiction, Plaintiff writes, "The fouth amend, five amend, 6, 7, etc." In the statement-of-claim portion of the form, he states, "I had been under assaulted for years, with no reason. I tell the truth for the beginning." In the relief section, Plaintiff writes, "up to the Court to discision." There are no other allegations in the complaint.

On the same day he filed the complaint, Plaintiff also filed a motion captioned as a motion "to stop the abuse of power" (DN 3). Therein, he states, "My whole life has been downloaded and translated into different languages. After 9-11, interrogation techniques was

used against me.  They torture by trying to grow the breath on my own chest, and I was left with wondered whether they sterile me without my attention . . . ."  He also maintains the following:

> They put me under surveillance for years.  Now I am just only as a victim with no rights to the attorney or lawyer.  I was under search for years and they broken into my medical records, and they found my frozen sperms that I had storage for the future used, and they give them to the women I don't know about them that much.  The children are now growing up without me.  Imagine a child's looking for his father on the street what it feels like for that child.

Plaintiff further states, "Now it's time to stop this group of LGBTQ people.  They have been assaulted me for years and my families.  They are using the power or tools of the govt - to survil - and sexually abused the vulnerable children.  That's the seriously violention of children's rights."  Plaintiff also reports that he was sexually assaulted as a teenager and still struggles with the effects.  He states, "This a constitution's crisis."

Shortly after filing the complaint, Plaintiff filed an amended motion "to stop the abuse of power" (DN 5).  It appears to be a copy of the first motion requesting "to stop the abuse of power" with no substantive changes but several alterations to words printed therein.  Among other alterations, the amended motion states, "They torture by trying to grow the breast on my own chest, and I was left with wondered whether they steriled me without my attention . . . ."

Plaintiff also filed an amended complaint (DN 6), which contains no substantive changes to the original complaint.  He also filed an amended complaint on the Court's form for filing a complaint for employment discrimination.  He lists the United States in the caption.  He checks boxes indicating that he is suing under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act.  He also cites, "The fouth amend, 5, 6, 7, etc."  In the statement-of-the-claim portion of the complaint form, Plaintiff states, "Being kept isolated for so long without info[,]" and he indicates that he was

discriminated against based on his race, color, gender/sex, religion, national origin, and age. He states no facts in support of his claims. The Court will consider all of Plaintiff's filings in assessing his claims herein.

## II.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Upon review of Plaintiff's complaint and other filings, he fails to meet this standard. He fails to provide an adequate statement of his claim. Plaintiff's references in his complaint to constitutional amendments and his statement that "I had been under assaulted for years, with no reason[]" are not sufficient to give Defendants "fair notice" of his claims against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted). Moreover, Plaintiff's statements in his motion "to stop the abuse of power" fail to present a discernable legal claim or the factual basis on which he seeks to hold Defendants liable.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19

3

(1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to allege sufficient factual grounds to support a valid federal claim, this action will be dismissed by separate Order for failure to meet the pleading standard in Fed. R. Civ. P. 8(a).

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The complaint and other filings meet this standard, as well.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: May 10, 2018

                                    **David J. Hale, Judge**
                                  **United States District Court**

cc: Plaintiff, *pro se*
4415.010